John P. Orilio, Esq. Assistant Corporation Counsel, City of Utica
You have inquired as to the method that should be used to collect unpaid fines and penalties imposed under section 221.05 of the Penal Law. Also, you ask which agency should initiate the collection process and where the funds are distributed once collected.
Section 221.05 of the Penal Law establishes the offense of unlawful possession of marijuana. Unlawful possession of marijuana is a violation punishable by a fine of not more than $100. The amount of the fine increases for multiple offenses within a three-year period.
Section 420.10 of the Criminal Procedure Law governs the collection of fines. When the court imposes a fine, it is required to designate the official to whom payment is to be remitted (id., § 420.10 [1]). The sentence may provide that if the defendant fails to make payment, he must be imprisoned until the fine is satisfied (id., § 420.10 [3]). This may be included in the original sentence or may be added at a later date while the fine remains unpaid (ibid.). Should the defendant fail to pay a fine, the court may issue a warrant directing a law enforcement officer to take him into custody and bring him before the court (ibid.). The court must advise the defendant if he is unable to pay the fine he has a right at any time to apply to the court for resentencing (ibid.). The procedure for resentencing is covered by section 420.10 (5) of the Criminal Procedure Law. If the court is satisfied that the defendant is unable to pay the fine, it must either adjust the terms of payment; lower the amount of the fine; where the sentence consists of probation or imprisonment and a fine, revoke the fine; or revoke the entire sentence and impose a fine the defendant is able to pay (ibid.). The period of imprisonment authorized for failure to pay fines in relation to various offenses is covered by law (id., § 420.10 [4]).
There is also a civil proceeding available for collection of unpaid fines (Criminal Procedure Law, § 420.10 [6]). A fine is imposed by a written order of the court (ibid.). The order is required to be entered by the county clerk in the same manner as a judgment in a civil action. The entered order is deemed to constitute a judgment roll as defined in section 5017 of the CPLR and immediately after entry of the order the county clerk must docket it as a money judgment (ibid.). The district attorney may, in his discretion, and must, upon order of the court, institute proceedings to collect the fine that are available for the collection of a money judgment (ibid.).
We conclude that a defendant may be imprisoned for failure to pay a fine or may be resentenced by the court if he is unable to make payment. The district attorney is authorized to collect an unpaid fine in accordance with the procedures available for collection of a money judgment.